**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | |
|---|---|
| **MELISSA BATTEN,** )<br>        Plaintiff, )<br> )<br>**vs.** )<br> )<br> )<br>**FAIRWAY CAPITAL RECOVERY;** )<br>**and DOES 1 to 10, inclusive,** )<br>        Defendant, )<br> ) | **Civil Action No.** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Melissa Batten, an individual consumer, against Defendant, Fairway Capital Recovery, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.  JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

### III. PARTIES

3. Plaintiff, Melissa Batten, is a natural person with a permanent residence in Boonville, Cooper County, Missouri 65233.

1

4. Upon information and belief the Defendant, Fairway Capital Recovery, is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 4000 Executive Park Drive, Suite 3, Cincinnati, Hamilton County, Ohio 45241. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

6. The debt Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contact Plaintiff by leaving a voicemail communication for Plaintiff in which the Defendant did not identify that the communication was from a debt collector.

8. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, engaging in conduct the natural consequences of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of an alleged debt; and

2

9. Within one (1) year preceding the date of this Complaint and during the first thirty (30) days of communicating with Plaintiff, Defendant, in connection with the collection of the alleged debt, demanded payment on the alleged debt and thereby overshadowed the Plaintiff's right to dispute the validity of the debt.

10. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for her non-payment of the alleged.

11. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

12. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

13. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff and speaking to her in an offensive and verbally abusive manner.

## *V. CLAIM FOR RELIEF*

14. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

15. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

> (a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

> (b) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly

and/or continuously with the intent to annoy, abuse or harass any person at the called number; and

(c) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(d) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

(e) Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in a communication subsequent to the initial communication that was not a formal pleading that the communication was from a debt collector; and

(f) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

(g) Defendant violated *§1692g(b)* of the FDCPA by overshadowing or being inconsistent with the disclosure of the consumer's rights to dispute the debt or request the name and address of the original creditor.

16. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

4

17. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Melissa Batten, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Fairway Capital Recovery, for the following:

A.  Declaratory judgment that Defendant's conduct violated the FDCPA.

B.  Actual damages.

C.  Statutory damages pursuant to 15 U.S.C. § 1692k.

D.  Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F.  For such other and further relief as the Court may deem just and proper.

## VI. DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Melissa Batten, demands trial by jury in this action.

DATED: August 14, 2012

RESPECTFULLY SUBMITTED,

By: /s/ Mark D. Molner
Mark Molner, Esq(SBN 62189)
PRICE LAW GROUP, APC
2210 W. 75th Street
Prairie Village, KS 66208
Phone: (913)529-1474
Fax: (818)907-2012
mark@pricelawgroup.com

Attorney for Plaintiff Melissa Batten

5