IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MELISSA BATTEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:12-CV-04224-NKL |
| v. ) | |
| ) | |
| FAIRWAY CAPITAL RECOVER, LLC, ) | |
| and DOES 1 to 10, inclusive, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is Defendant Fairway Capital Recovery, LLC ("Fairway")'s motion for more definite statement. [Doc. # 4]. For the following reasons, Fairway's motion is DENIED.

**I.   Background**

Plaintiff Melissa Batten filed this action against Fairway, claiming violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Batten's five-page complaint sets forth the following factual allegations:

6.  The debt Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7.  Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contact [*sic*] Plaintiff by leaving a voicemail communication for Plaintiff in which the Defendant did not identify that the communication was from a debt collector.

1

8. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, engaging [*sic*] in conduct the natural consequences of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of an alleged debt; and

9. Within one (1) year preceding the date of this Complaint and during the first thirty (30) days of communicating with Plaintiff, Defendant, in connection with the collection of the alleged debt, demanded payment on the alleged debt and thereby overshadowed the Plaintiff's right to dispute the validity of the debt.

10. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for her non-payment of the alleged.

11. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

12. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

13. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff and speaking to her in an offensive and verbally abusive manner.

[Doc. # 1 at 1-2]. The caption of the complaint also named ten Doe defendants, though the complaint does not include any specific allegations against any of these defendants.

In response, Fairway filed a motion for more definite statement, claiming that the complaint failed to allege details necessary for Fairway to prepare a responsive pleading. In particular, Fairway seeks an order compelling Batten to amend her complaint to include the following details:

- Who defendant Does 1-10 are and what acts they are alleged to have committed to cause plaintiff harm;

- Which defendant left an alleged voicemail for Plaintiff and on what day as alleged in Paragraph 7;

- Which defendant(s) demanded payment on the alleged debt and when as alleged in Paragraph 9 of the Complaint;

- What statements and actions of Defendant Fairway "unjustly condemned," "vilified" and "caused mental distress" to Plaintiff for her non-payment of the debt as alleged in Paragraphs 10 and 12;

- What "unfair and unconscionable" means were used by the Defendant to collect on Plaintiff's alleged debt by "lying to and misleading" her as alleged in Paragraph 13.

[Doc. # 5 at 3-5].

## II. Discussion

Federal Rule of Civil Procedure 12(e) ("Rule 12(e)") permits a party to move for a more definite statement when a complaint "is so vague or ambiguous that the party cannot reasonably prepare a response." Such a motion "must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e).

> A motion for more definite statement is proper when a party is unable to determine issues he must meet, . . . or where there is a major ambiguity or omission in the complaint that renders it unanswerable. . . . However, due to liberal notice pleading and the availability of extensive discovery, motions for a more definite statement are universally disfavored.

*Tinder v. Lewis Cnty. Nursing Home Dist.*, 207 F. Supp. 2d 951, 959-60 (E.D. Mo. 2001) (citations omitted); *see also Geir ex rel. Geir v. Educ. Serv. Unit No. 16*, 144 F.R.D. 680, 685 (D. Neb. 1992). In general, Rule 12(e) motions "are designed to strike at unintelligibility rather than lack of detail in the complaint." *Tinder*, 207 F. Supp. 2d at 960; *see also Worley v. Credit Acceptance Corp.*, No. 11-00014-CV-W-FJG, 2011 WL 833334, at *2 (W.D. Mo. Mar. 4, 2011). Such a motion is "not to be used to test the

3

opponent's case by requiring him to allege certain facts or retreat from his allegations." *Id.* Nonetheless, "[a] motion for more definite statement should be granted when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to itself." *Eastman v. Cnty. of Sheridan*, No. 7:07CV5004, 2007 WL 1814214, at *4 (D. Neb. June 21, 2007) (quotation and alteration omitted).

The allegations in Batten's complaint are neither unintelligible nor so vague or ambiguous that Fairway could not respond without prejudicing itself. Citing *Perkins v. Vengroff, Williams, & Assocs., Inc.*, 2011 WL 689640 (E.D. Mo. Feb. 18, 2011), Fairway argues that it is entitled to more specific details about Batten's claims because the complaint largely contains only formulaic recitations of the elements of an FDCPA action. But *Perkins* involved a motion to dismiss for failure to state a claim, not a motion for more definite statement. *See id.* at *1. The issue here is not whether Batten has sufficiently pleaded her case, but whether the allegations in the complaint are so ambiguous that Fairway cannot fairly be asked to respond to them.

But Fairway presents no argument as to why it is incapable of admitting or denying the allegations in the complaint without causing itself prejudice. The complaint is sufficient to advise Fairway of the nature of the claims against it. If Fairway is not sure whether it did or did not "unjustly condemn" and "vilify" Batten, or whether it used "unfair and unconscionable" debt collection practices and "lied to and mislead" Batten, Fairway may deny the allegations as legal conclusions or for lack of sufficient information to substantively respond. These claims may be skeletal, but they are not so

ambiguous as to permit Fairway to substitute a motion for more definite statement for discovery.  *See Frederick v. Koziol*, 727 F. Supp. 1019, 1020-21 (E.D. Va. 1990) ("[A Rule 12(e)] motion is not a substitute for the discovery process, and where the information sought by the movant is available or properly sought through discovery, the motion should be denied."); *Zamora v. Massey-Ferguson, Inc.*, 336 F. Supp. 588 (S.D. Iowa 1972) (noting that where the details sought "are subject to the broad rules of discovery . . . motions for more definite statement are not favored.").

Finally, Fairway's remaining objections relate to the complaint's failure to identify or describe the actions of the ten Doe defendants listed in the caption.  Fairway is correct that the failure to attribute any specific acts to any of these defendants may prejudice Batten's ability to later add named defendants based on a theory of relation back to the initial complaint.   But Fairway does not address how this deficiency prejudices its ability to answer the complaint as it stands.  It is clear from the factual allegations that Batten alleges Fairway is responsible for the conduct alleged in the complaint.  In fact, the prayer for relief asks only for judgment against "Defendant, Fairway Capital Recovery." *See* [Doc. # 1 at 5].  Consequently, Fairway has not shown how the ambiguity regarding the Doe defendants prejudices its ability to respond to the complaint.

**III. Conclusion**

For the foregoing reasons, Fairway's motion for more definite statement, [Doc. # 4], is DENIED.

5

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: November 19, 2012  
Jefferson City, Missouri