UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MELISSA BATTEN | ) |
| | ) |
| Plaintiff, | ) Case No.: 12-4224-CV-C-NKL |
| | ) |
| vs. | ) |
| | ) |
| FAIRWAY CAPITAL RECOVERY, | ) JURY TRIAL DEMANDED |
| LLC and DOES 1 to 10 | ) |
| | ) |
| Defendant. | ) |

## ANSWER

COMES NOW, Defendant, FAIRWAY CAPITAL RECOVERY, LLC (hereinafter "Defendant"), by and through the undersigned, and for its Answer to the Complaint filed by Plaintiff MELISSA BATTEN (hereinafter "Plaintiff") states as follows:

1. Defendant denies that it has committed any violation of the Fair Debt Collection Practices Act. Defendant provides no further response to this paragraph, as it contains no further allegations against Defendant.

2. Admit this court has jurisdiction and is a proper venue. Defendant denies that declaratory relief is available in this action.

3. Admit.

4. Defendant denies that its principal place of business is at Suite 3. Defendant admits the remaining allegations in paragraph 4.

5. Admit.

6. Defendant has insufficient information to confirm or deny the allegations contained within Paragraph 6 and, therefore, denies same.

7. Defendant has insufficient information to confirm or deny the allegations contained within Paragraph 7 and, therefore, denies same.

8. Deny.

9. Deny.

10. Deny.

11. Deny.

12. Deny.

13. Deny.

14. Defendant incorporates by reference its responses to paragraphs 1-13 as if fully set forth herein.

15. Defendant denies each and every allegation contained within Paragraph 15, including subparts (a) through (g).

16. Deny.

17. Defendant expressly denies that any violation of the FDCPA occurred and also expressly denies any liability associated with the alleged FDCPA violation. Further, Defendant denies that declaratory relief is available in this type of action.

18. Defendant denies each and every allegation contained in Paragraphs 1-17 of Plaintiff's Complaint unless expressly admitted herein.

## AFFIRMATIVE DEFENSES

COMES NOW, Defendant FAIRWAY CAPITAL RECOVERY, and for its Affirmative Defenses to Plaintiff's Complaint, states as follows:

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Any harm to Plaintiff/Batten resulted from conduct of third parties over which Defendant has no control. Defendant reserves its right to assert indemnity or contribution from any such parties discovered during the proceedings in this action.

3. That any violation of the FDCPA as alleged by Plaintiff, if found to have occurred, was not intentional, and resulted from a bona fide error notwithstanding the procedures reasonably adapted by Defendant to avoid any such error.

4. By way of further answer and affirmative defense, Defendant states that at all pertinent times herein, Defendant acted in compliance with the Federal Trade Commission and Federal Communications Commissions' regulations, staff commentary and letter commentaries, and/or advisory opinions.

5. By way of further answer and as an affirmative defense, Defendant states Batten has failed to take reasonable actions to mitigate any alleged damages that she may have suffered, if any.

6. By way of further answer and as an affirmative defense, Defendant states that at all pertinent times herein, Defendant acted in good faith reliance on the information provided by the original creditor.

7. By way of further answer and as an affirmative defense, Batten did not justifiably rely upon any alleged false or misleading representation.

8. By way of further answer and as an affirmative defense, any injuries or damages suffered by Batten were caused in whole or in part by Batten's own fault so as to preclude Plaintiff's recovery or, in the alternative, any recovery Plaintiff receives should be reduced in proportion to Batten's own fault.

11. By way of further answer and as an affirmative defense, Batten assumed the risk of being contacted by Defendant as authorized within the boundaries of the FDCPA by failing to pay her debt as accrued.

12. Plaintiff's claims are barred by the doctrine of substantial compliance.

13. Plaintiff's claims are barred because the FDCPA is unconstitutionally vague.

14. The FDCPA is a facially unconstitutional restriction on commercial speech in violation of the First Amendment.

19. As applied to Defendant, the FDCPA is an unconstitutional restriction on commercial speech in violation of the First Amendment.

20. Defendant reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and he factual and legal developments in this case.

WHEREFORE, Defendant, having fully answered Plaintiff's Complaint, prays that this Court:

(a) Enter judgment in favor of Defendant and against Plaintiff on all counts;

(b) declare that Defendant has not violated the FDCPA based upon the alleged acts;

(c) order that attorneys' fees and costs be taxed against Plaintiff; and

(d) order any other relief as this Court deems just and proper under the circumstances.

/s/ Karen L. Jones\_
Karen L. Jones Bar No.: 57813MO
Evans & Dixon, L.L.C.
Attorney for Defendant Fairway Capital Recovery
211 North Broadway, Suite 2500
St. Louis, Missouri 63102
(314) 552-4107 (Phone)
(314) 884-4507 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2012 I electronically filed this Answer using the CM/ECF system which will send notification of such filing to all parties/attorneys of record.

/s/ Karen L. Jones_____